UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY CHRISTINE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-737 RAJ <br><br> **ORDER AFFIRMING DENIAL OF BENEFITS** |

Plaintiff appeals denial of her application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her and her husband's testimony and five medical opinions, and erred in evaluating her residual functional capacity (RFC). Dkt. 26. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 45 years old, has a limited education, and has worked as a cashier, administrative assistant, and fast food worker. Dkt. 22, Admin. Record (AR) 1469-70. Plaintiff applied for benefits in 2014, alleging disability as of November 1, 2013. AR 1458. Plaintiff appealed a 2016 ALJ decision denying her application to this Court, which reversed and remanded for reconsideration of Plaintiff's and her husband's testimony and three medical

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

opinions.  AR 1555-71.  On remand, after conducting a hearing in January 2020, the ALJ issued a decision finding Plaintiff was not disabled from her alleged onset date through her December 2017 date last insured.  AR 1458-71.

The ALJ found Plaintiff had severe mental impairments of affective disorder, anxiety disorder, posttraumatic stress disorder (PTSD), and attention-deficit hyperactivity disorder (ADHD), in addition to several physical impairments. AR 1461.  The ALJ found Plaintiff could perform light work, carry out short, simple instructions, and work superficially with the public. AR 1463.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

The ALJ could reject Plaintiff's testimony for "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

Plaintiff's briefing refers vaguely to her "complaints of pain, fatigue, depression, and anxiety," but fails to identify any specific testimony the ALJ erred by rejecting or any functional limitations the ALJ erred by failing to incorporate into the RFC. Dkt. 26 at 5.  In fact, Plaintiff's briefing acknowledges Plaintiff's inaccurate reporting of several diagnoses, such as seizures, brain lesions, and cancer.  *See* Dkt. 26 at 3-4, 9.  There is no dispute that Plaintiff is not an accurate historian.  Instead, Plaintiff's briefing argues Plaintiff "genuinely believe[s] that her symptoms are real."  Dkt. 28 at 3.  Regardless of genuine belief, what an ALJ must consider is the accuracy and reliability of a claimant's symptom testimony.

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

Plaintiff cites several treatment notes showing she consistently told her doctor of problems such as feeling depressed, anxious, or in pain. Dkt. 26 at 6-8. But there is no dispute she reported problems. *See* AR 1465 (ALJ found "she has repeated these allegations to treatment providers"). The ALJ discounted Plaintiff's testimony for reasons such as conflict with medical evidence, inconsistent statements, and exaggeration. *See* AR 1465-66. These are clear and convincing reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ may consider inconsistent statements by a claimant in assessing credibility). Plaintiff's argument that she has "symptoms … rooted in a psycho-pathology" is contradicted by extensive evidence of normal psychiatric findings. Dkt. 26 at 11. Plaintiff's theory that she has an extreme mental disorder, yet shows no objective psychiatric signs, is simply not enough to establish that the ALJ erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)) (the party challenging an administrative decision bears the burden of proving harmful error).

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.      Lay Witness Statements**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's husband submitted two statements reporting Plaintiff has severe fatigue, is housebound, cannot maintain attention, and cannot sustain activity. *See* AR 274-75, 1685. The ALJ gave Plaintiff's husband's statements "limited weight" because they were contradicted by the medical evidence, such as observations Plaintiff was "healthy appearing, alert, comfortable, in no apparent distress, and with intact physical

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

functioning." AR 1468.

Plaintiff does not directly challenge the ALJ's reason, conceding "[i]t is not that she has physical limitations…." Dkt. 26 at 12. Plaintiff argues the "multiple normal examinations" the ALJ relied on are "to be expected since [Plaintiff's] symptoms are largely psychogenic" and, in fact, medical records showing she reports "spend[ing] much of her time in bed, often reports forgetfulness and appears fatigued" support her husband's statements that she is "weak, forgetful, and spends most of her time in bed." Dkt. 28 at 4 (internal citations omitted). But the ALJ cited medical evidence Plaintiff had normal strength and muscle tone, contradicting her husband's reports of weakness, and normal memory, contradicting reports of forgetfulness. AR 1468. That Plaintiff spends much of her time in bed does not, on this record, establish that her impairments force her to do so. The contradictions the ALJ identified were germane reasons to discount Plaintiff's husband's statements.

The Court concludes the ALJ did not err by discounting the lay witness statements.

### C. Medical Opinions

Because the treating or examining doctors' opinions at issue here were contradicted by other doctors' opinions, the ALJ could reject them by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ could reject the opinions of the nurse practitioners (including a Doctor of Nurse Practice) by giving reasons germane to their opinions. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014); *see* 20 C.F.R. § 404.1502(a) (list of "[a]cceptable medical source[s]" does not include D.N.P. for claims filed before 2017).

#### 1. Treating Doctor Kenneth Asher, Ph.D.

Dr. Asher spent three sessions evaluating Plaintiff and six sessions treating her. AR 1261. Based on diagnoses of PTSD, generalized anxiety disorder, ADHD, major depressive

1  disorder, and persistent depressive disorder, Dr. Asher opined Plaintiff would be unable to
2  maintain extended attention, complete a normal workday and workweek, and perform at a
3  consistent pace.  AR 1374; *see also* AR 1276.  At least 20% of the time she would have
4  "noticeable difficulty" accepting instructions and responding appropriately to criticism from
5  supervisors.  AR 1375; *see also* AR 1276.
6        The ALJ gave Dr. Asher's opinions "little weight" as inconsistent with objective medical
7  evidence in the record as a whole and improvement with treatment, and based primarily on
8  Plaintiff's "subjective complaints."  AR 1466-67.  The ALJ's finding of overreliance on
9  subjective complaints is not supported by substantial evidence.  While Dr. Asher recorded
10 Plaintiff's self-reports, he also performed extensive testing, as well as conducting mental status
11 examinations and clinical interviews, which "are objective measures and cannot be discounted as
12 a 'self-report.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).  Improvement was also
13 an insufficient reason, because the ALJ identified no evidence Plaintiff improved to such a
14 degree that it contradicted Dr. Asher's opinions.  *See Holohan v. Massanari*, 246 F.3d 1195,
15 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and
16 depression makes some improvement does not mean that the person's impairments no longer
17 seriously affect her ability to function in a workplace.").
18       However, inclusion of erroneous reasons was harmless.  *See Molina v. Astrue*, 674 F.3d
19 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability
20 determination").  Conflict with the overall medical record was supported by substantial evidence
21 and was a specific and legitimate reason to discount Dr. Asher's opinions.  *See Ford v. Saul*, 950
22 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective evidence in the medical record is a
23 specific and legitimate reason for rejecting a medical opinion).  Treatment providers' detailed,

ORDER AFFIRMING DENIAL OF BENEFITS
- 5

thorough mental status examination results were consistently entirely normal except for, at times, depressed and anxious mood.  *See, e.g.*, AR 509, 512, 514, 720, 981, 1283.  In contrast to Dr. Asher's finding that Plaintiff's cognitive abilities were so far below normal that they were "at the upper end of the range indicative of dementia," treatment records consistently show "grossly intact" cognitive function.  AR 1270; *see, e.g.*, AR 509, 512, 514, 720, 981, 1283.

Plaintiff contends the ALJ "relied only on records supporting his view of [t]he case, and ignored overwhelming evidence to the contrary."  Dkt. 26 at 15.  The only evidence to the contrary Plaintiff identifies, however, is Dr. Asher's own findings.  The ALJ permissibly found Dr. Asher's findings unreliable because they are contradicted by extensive treatment records.

Plaintiff contends her "quest to find medical answers to psychogenic conditions is a symptom of her mental illness."  Dkt. 28 at 5.  But treatment records consistently show "clear and logical" thought process, normal thought content, and good judgment and insight.  *See, e.g.*, AR 509, 512, 514, 720, 981, 1283.  The objective evidence contradicts Plaintiff's theory of a thought disorder so extreme it renders her disabled.

The Court concludes the ALJ did not err by discounting Dr. Asher's opinions.

**2. Treating Provider Erika Giraldo, D.N.P., A.R.N.P.**

In July 2016, Dr. Giraldo submitted a Medical Source Opinion, diagnosing Plaintiff with generalized anxiety disorder, major depressive disorder with psychosis, panic disorder, PTSD, ADHD, and insomnia.  AR 1451.  Dr. Giraldo opined Plaintiff was unable to maintain extended concentration, maintain a regular schedule, work in proximity to others, make simple decisions, complete a normal workday or workweek, travel in unfamiliar places or use public transportation, and plan realistically.  AR 1452-53.  At least 20% of the time, Plaintiff would have "noticeable difficulty" interacting appropriately with the public, supervisors, and

coworkers, and maintaining socially appropriate behavior and adhering to basic cleanliness standards. AR 1453. Dr. Giraldo provided an accompanying letter stating Plaintiff was "unable to consistently attend to her activities of daily living such as basic hygiene" and "unable to handle the stressors of a basic job." AR 1451.

The ALJ gave Dr. Giraldo's opinions "little weight" because they were inconsistent with the record. AR 1467. Consistent findings of socially appropriate behavior, including by Dr. Giraldo, contradicted her opinion of inability to interact with others and maintain appropriate behavior. *See, e.g.*, AR 509, 512, 514, 515, 516, 720, 722, 724 (Dr. Giraldo observed good eye contact and cooperative attitude); *see also* AR 1267 (Dr. Asher observed Plaintiff was "always socially appropriate, with warmth and a sense of humor"). Dr. Giraldo's own treatment notes showed almost entirely normal mental status examination results, including that Plaintiff was consistently "[n]icely and appropriately groomed." *See, e.g.*, AR 509, 512, 514, 515, 516, 720, 722, 724. This contradicted Dr. Giraldo's opinion of extreme difficulty maintaining basic hygiene. Occasional observations that Plaintiff was less well-groomed than usual do not deprive the ALJ's decision of substantial evidence. *See* AR 1267 (Dr. Asher found Plaintiff's "appearance varied widely from well-kempt to extremely casual [with] hair not as well-groomed").

Substantial evidence supported the ALJ's finding that the medical evidence contradicted Dr. Giraldo's opinions, which was a germane reason to discount them. The Court concludes the ALJ did not err by discounting Dr. Giraldo's opinions.

**3. Examining Doctor Holly Petaja, Ph.D.**

Dr. Petaja examined Plaintiff in August 2014, diagnosing major depressive disorder, generalized anxiety disorder, panic disorder, and PTSD. AR 705-06. Dr. Petaja opined

ORDER AFFIRMING DENIAL OF BENEFITS
- 7

1  Plaintiff's "[s]ustained concentration and persistence are limited," "[s]ocial interaction and
2  interpersonal relationships are significantly limited," and Plaintiff "would likely have difficulty
3  adapting to routine changes…, keeping up a normal work pace, … maintaining appropriate
4  behavior[, and completing] a normal workday/workweek." AR 706.

5  The ALJ gave Dr. Petaja's opinions "limited weight" as inconsistent with her own
6  findings and the overall medical evidence. AR 1468. The ALJ noted Dr. Petaja's opinion of
7  significant social limitations lacked any support in her own examination, which in fact revealed
8  "adequate eye contact [and] polite and cooperative" behavior. AR 703. Treatment providers'
9  records similarly show appropriate behavior. *See, e.g.*, AR 509, 512, 514, 515, 516, 720, 722,
10 724 (good eye contact and cooperative attitude); AR 1267 ("always socially appropriate").
11 Plaintiff argues the ALJ merely substituted his opinion for Dr. Petaja's, but conflict with the
12 objective medical evidence is a sufficient reason to discount a medical opinion. *See Tommasetti*
13 *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between a treating physician's
14 opinions and her own medical records is a "specific and legitimate reason for rejecting" the
15 opinions); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ need not accept a
16 medical opinion that is "brief, conclusory, and inadequately supported by clinical findings.").
17 Plaintiff's treating providers' consistently normal mental status examination results throughout
18 the record provide further support for discounting Dr. Petaja's opinions. *See Ford*, 950 F.3d at
19 1156.

20 The Court concludes the ALJ did not err by discounting Dr. Petaja's opinions.

21 **4.  Mental Health Provider Ann Haelan, PMHNP-BC**

22 Ms. Haelan began treating Plaintiff in January 2019, a year after her date last insured, and
23 diagnosed her with bipolar disorder, major depressive disorder, anxiety disorder, PTSD, and

1 ADHD. AR 4600. "Because of her physical disabilities compounded by her psychiatric

2 diagnoses," Ms. Haelan opined in December 2019, she did "not foresee [Plaintiff] being able to

3 return to work in any capacity." *Id*. Ms. Haelan explained:

> She has difficulties performing simple tasks due to chronic pain and working memory impairment from her psychiatric diagnoses. She has to rest often throughout the day. Her depressive episodes sometimes result in her staying in bed for extended periods of time. Her cognitive difficulties are also a major factor impeding her ability to maintain a job.

*Id*.

The ALJ gave Ms. Haelan's opinions "little weight" because they were not based on observations during the relevant period, relied on physical disorders not established as medically determinable impairments, and were inconsistent with treatment records consistently showing almost entirely normal mental status examination results. AR 1469. These were germane reasons to discount Ms. Haelan's opinions. Plaintiff contends the timing of Ms. Haelan's observations is not relevant, since they are consistent with the observations of Dr. Asher, Dr. Giraldo, Dr. Petaja, and Dr. Buysse (discussed below). Those observations, however, were not consistent with the bulk of treatment records throughout the relevant period.

The Court concludes the ALJ did not err by discounting Ms. Haelan's opinions.

### 5. Theresa Buysse, Ph.D.

In December 2019, Plaintiff's attorney provided Dr. Buysse with a six-page summary of some of Plaintiff's medical records, and reports by Dr. Asher, Dr. Petaja, and Ms. Haelan. *See* AR 4184-89. Dr. Buysse opined, "based on psychological reports that were provided," that Plaintiff was unable to maintain extended concentration, complete a normal workday and workweek, or plan realistically. AR 4190-91. More than 20% of the time, Plaintiff would have "noticeable difficulty" maintaining punctual attendance, working in proximity to others, taking

ORDER AFFIRMING DENIAL OF BENEFITS
- 9

appropriate precautions, and traveling in unfamiliar places or using public transportation. *Id.*

The ALJ gave Dr. Buysse's opinions "little weight" because they were based on selective portions of the record, contained no explanation or support, and were inconsistent with the record as a whole. AR 1469. The ALJ's reasons were supported by substantial evidence. As discussed above, the record as a whole consistently shows almost entirely normal mental status examinations. Plaintiff argues Dr. Buysse's opinions are supported by some treatment records showing abnormal results. But even the records Plaintiff points to show normal concentration and attention, contradicting Dr. Buysse's opinions of inability to maintain concentration. AR 4033. The Court concludes the ALJ did not err by discounting Dr. Buysse's opinions based on conflict with the record.

### D. Residual Functional Capacity Determination

Plaintiff contends the ALJ erred by failing to incorporate attendance, concentration, persistence, and pace limitations into her RFC. However, because the Court finds no error in the assessment of the medical evidence and assessed RFC and, therefore, the corresponding hypothetical to the vocational expert, this restating of Plaintiff's argument fails to establish error at step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 16th day of February, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING DENIAL OF BENEFITS
- 10